IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CAVALRY SPV I, LLC, et al.,

          Plaintiffs,

v.                                        CIVIL ACTION NO.  2:16-cv-05976

JEFF HUGHES, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the following motions: by Plaintiff Cavalry SPV I, LLC ("Cavalry"), a Motion to Dismiss and Realign Parties (ECF No. 2) and Motion to Dismiss Counterclaim (ECF No. 8); and by Defendant and Counterclaimant Jeff Hughes ("Hughes"), a Motion to Remand and for Costs (ECF No. 11) and Motion for Expedited Ruling on the Motion to Remand (ECF No. 13). For the reasons that follow, the Court **GRANTS** Hughes' Motion to Remand and for Costs (ECF No. 11), **REMANDS** the case, and **DENIES AS MOOT** all remaining motions.

                    *I.*      *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

On April 14, 2016, Cavalry filed a debt collection action against Hughes in West Virginia magistrate court seeking judgment in the amount of $2,288. (ECF No. 1-4 at 3.) On June 1, 2016, and following service of the Complaint, Hughes responded with an answer and class counterclaim and removed the matter to the state circuit court. On July 1, 2016, Cavalry—the original plaintiff to this action—removed the case to federal court. Cavalry filed concurrently

with the Notice of Removal a motion to dismiss its own claims against Hughes under Federal Rule of Civil Procedure 41(a) and realign the parties, with the Court designating Hughes as the plaintiff. Cavalry relies on Hughes' counterclaim as the basis for jurisdiction, alleging that the counterclaim gives rise to federal jurisdiction under the Class Action Fairness Act ("CAFA"). Hughes moved to remand on July 13, 2016, arguing that the subject of his counterclaims is irrelevant to the jurisdictional inquiry because, as the plaintiff, Cavalry cannot remove. Both the motion to remand and Cavalry's Rule 41(a) motion to dismiss and realign the parties have been fully briefed. The Court stayed this action on August 11, 2016 pending the resolution of the remand motion.

## II.  DISCUSSION

### A. *Propriety of Removal*

The Court need look no further than the statute governing removal to resolve Hughes' motion to remand:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441 (emphasis added). As evidenced by this statute, one of the most rudimentary principles of federal jurisdiction is that a plaintiff is not entitled to removal. *See Rigaud v. Broward Gen. Med. Ctr.*, 346 Fed. App'x. 453, *1 (11th Cir. 2009) (per curiam) ("Rigaud, as a plaintiff, could not remove her own action[.]"); *Hamilton v. Aetna Life and Casualty Co.*, 5 F.3d 642, 644 (2d Cir. 1993) (noting there was "no authority" permitting a plaintiff to remove his own action to federal court); *Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) ("Removal is available only to defendants."). Equally fundamental is the companion principle that if at any time prior to

2

final judgment "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted).

While acknowledging these general principles, Cavalry suggests that Hughes' counterclaim establishes federal jurisdiction. Further, Cavalry reasons that if the Court grants leave to dismiss the original Complaint against Hughes, realignment of the parties would be necessary to place Hughes, with his remaining counterclaim, in the position of plaintiff. Cavalry forgets that the well-pleaded complaint rule requires federal jurisdiction to be present "on the face of the *plaintiff's* properly pleaded complaint." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis in *Holmes Group*)). "It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Id.* (citations omitted); *see Cross Country Bank v. McGraw*, 321 F. Supp. 2d 816, 820 (S.D. W. Va. 2004) ("In the wake of *Holmes Group* . . . there can be no serious contention that the basis for federal subject matter jurisdiction can ordinarily be contained in a defendant's counterclaim.").

Neither does Cavalry's motion to voluntarily dismiss its own claims and realign the parties alter the application of these rules. "[F]ederal jurisdiction . . . is fixed at the time the . . . notice of removal is filed[,]" *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) (citation omitted), and there is no question that Cavalry removed this action while it occupied the

3

plaintiff's role.[1] Further, since Hughes has already filed his answer, Cavalry must obtain a court order as a prerequisite to dismissal. Fed. R. Civ. P. 41(a)(2). An order approving voluntary dismissal in these circumstances may issue only "on terms that the court considers proper," *id.*, ensuring that no party will suffer unfair prejudice. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (citing *McCants v. Ford Motor Corp.*, 781 F.2d 855, 857 (11th Cir. 1986)). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.* (citation omitted). Permitting a plaintiff to remove its own case to federal court, only to immediately abandon its claims and leave the defendant in a forum not of his choosing, would be to allow, to say the least, impermissible gamesmanship.

Even assuming Cavalry's request for voluntary dismissal satisfied the Rule 41(a)(2) requirements, the Court lacks jurisdiction to grant this relief. "If a court believes that it is without subject matter jurisdiction, it is inappropriate for that court to engage in the balancing process required by Rule 41(a)(2); dismissal is required and there is simply no discretion to be exercised." *In re Fed. Election Campaign Act Litigation*, 474 F. Supp. 1051, 1053 (D.D.C. 1979); *see Shortt v. Richlands Mall Assocs., Inc.*, 922 F.2d 836, *4 (4th Cir. 1990) (unpublished table decision)

---

[1] Assuming the Court would find no impediment to dismissal under Rule 41(a)(2), Cavalry implores the Court to realign the parties according to their "true status" in this action. The realignment doctrine allows the Court to designate as the plaintiff the party whose claims constitute the "mainspring of the proceedings." *Mason City & Fort Dodge R.R. Co. v. Boynton*, 204 U.S. 570, 580 (1907); *see also United States Fidelity and Guaranty Co. v. A & S Mfg. Co. Inc.*, 48 F.3d 131, 133–34 (4th Cir. 1995) (employing the "principal purpose test" to consider realignment of the parties according the primary issue in controversy). Still, while the Court recognizes that a "state court caption is not always determinative of which party is the plaintiff and which is the defendant for removal purposes," *CitiFinancial v. Lightner*, No. 5:06CV145, 2007 WL 1655225, at *2 (N.D. W. Va. Jun. 6, 2007), the parties' positions in this case do not warrant realignment. Cavalry initiated this action and is the party seeking to enforce its alleged contractual rights against Hughes. *See id.* at *3 (denying motion to realign parties under similar circumstances). Though Hughes has resisted Cavalry's claim, *inter alia*, through his counterclaim, the "mainspring" of this action remains the collection of funds under the parties' contract. *See Palisades Collections LLC v. Shorts*, No. 5:07CV098, 2008 WL 249083, at *5–6 (N.D. W. Va. Jan. 29, 2008) (finding party bringing debt collection action remained the true plaintiff despite the filing of debtor's counterclaim asserting class claims).

(finding that a district court must satisfy itself of its own subject matter jurisdiction before ruling on a motion for voluntary dismissal under Rule 41(a)(2)). Cavalry essentially asks this Court to undertake the analysis in reverse order, ruling on its motion for voluntary dismissal before reaching the jurisdictional question. The jurisdictional inquiry, however, is generally a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (noting that the requirement that jurisdiction be established first is "inflexible and without exception" (citation omitted)). Cavalry has presented no authority that would persuade the Court to depart from this practice. Therefore, because a plaintiff is not entitled to remove an action based upon a federal question presented in a counterclaim, the Court lacks subject matter jurisdiction. The motion to remand is **GRANTED**.

      *B. Awarding Expenses and Costs of Removal*

Federal law expressly authorizes an award of attorney fees incurred as a result of improper removal. 28 U.S.C. § 1447(c). A removing party may be liable under § 1447(c) where it lacked "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Fee awards are left to the district court's discretion, but should be used as necessary to further the purposes of Congress in providing a fee-shifting mechanism under the statute, namely, to reduce the delay caused by improper removal, avoid the imposition of additional costs on the parties, and prevent waste of judicial resources. *Id.* at 140.

Cavalry lacked an objectively reasonable basis for removal. Cavalry removed this action as a plaintiff by claiming that federal subject matter jurisdiction arose from its adversary's counterclaim. Cavalry essentially admits that removal in this posture is impermissible, (ECF No. 17 at 1), but argues that its willingness to voluntarily dismiss its claims against Hughes somehow

5

rectifies the initial error. This conduct flies in the face of well-settled authority and, alone, might justify an award of attorney fees. *See Unifund CCR Partners v. Wallis*, No. 06-CV-545-GRA, 2006 WL 908755, at * 2 (D.S.C. Apr. 7, 2006) (awarding attorney fees under § 1447(c) where plaintiff removed in reliance on a federal question presented in a counterclaim). Notably, while Cavalry makes much of the fact that Hughes has not located a case precluding removal in these precise circumstances, that is, where a plaintiff removes a defendant's counterclaim while simultaneously requesting voluntary dismissal of its own claims, it has wholly failed to distinguish this case from the well-entrenched jurisdictional principles set forth above.[2]

Cavalry's misconduct—or, more specifically, the misconduct of its attorneys—is even more blatant. This is not the first instance that Cavalry's law firm has attempted removal in these circumstances. In *CitiFinancial v. Lightner*, the Northern District of West Virginia remanded a debt collection action after Cavalry's law firm, then representing plaintiff CitiFinancial, removed to federal court by invoking CAFA jurisdiction arising from the defendant's counterclaim. No. 5:06CV145, 2007 WL 1655225, at *2 (N.D. W. Va. Jun. 6, 2007). Specifically, the *Lightner* court found that "[t]he parties' status for purposes of removal is not affected by any affirmative defenses or counter-pleadings." *Id.* at *3 (quoting *Estate of C.A. Spragins v. Citizens Nat'l Bank of Evansville*, 563 F. Supp. 424 (N.D. Miss. 1983)) (internal quotation marks omitted). Although *Lightner* is essentially on all fours with the facts presented in the instant case, Cavalry did not mention the decision in its initial motion for voluntary dismissal.[3] Given the prior decision in

---

[2] Indeed, while Cavalry heaps criticism on Hughes for failing to identify any precisely analogous case law, it does not reference a single case authorizing removal in this unusual situation.

[3] Cavalry's subsequent attempts to factually distinguish *Lightner* are unpersuasive. Cavalry points out that the plaintiff in *Lightner* filed its motion for voluntary dismissal and for realignment of the parties several months after removal, rather than contemporaneously with the Notice of Removal as Cavalry did here. The Court fails to see a meaningful distinction. *Lightner*'s analysis had nothing to do with the timing of

*Lightner*, Cavalry's arguments cannot be excused as creative advocacy. Rather, they represent a repeat of an inappropriate tactic resulting in a waste of this Court's resources and an unnecessary delay of this litigation. The Court therefore **GRANTS** Hughes' request for fees.

### III. CONCLUSION

For the foregoing reasons, the Court **LIFTS THE STAY**, **GRANTS** Hughes' Motion to Remand (ECF No. 11) and **DENIES AS MOOT** the Motion for Expedited Ruling on the Motion to Remand (ECF No. 13). As the Court is without jurisdiction to consider the merits of Cavalry's motions, it hereby **DENIES AS MOOT** the Motion to Dismiss and Realign Parties (ECF No. 2) and Motion to Dismiss Counterclaim (ECF No. 8). This action is hereby **REMANDED** to the Circuit Court of Kanawha County, West Virginia. The Court further **GRANTS** Hughes' request for fees. The Court encourages the parties to resolve the matter of fees without its intervention; otherwise, the Court **ORDERS** Hughes to submit an itemization of costs and expenses incurred as a result of removal within thirty days of the entry of this Order.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 21, 2016

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

the motion for Rule 41(a) dismissal and everything to do with the status of the parties at the time of removal. 2007 WL 1655225, at *2 (finding that CitiFinancial "is in the position of a plaintiff for purposes of removal in this civil action").